UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEZEKIAH W. MILLER,

    Plaintiff,                             CIVIL ACTION NO. 08-12027

v.                                   DISTRICT JUDGE DAVID M. LAWSON
                                      MAGISTRATE JUDGE DONALD A. SCHEER

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

RECOMMENDATION: Plaintiff's Motion for Summary Judgment should be DENIED, and that of Defendant GRANTED, as there was substantial evidence on the record that claimant's impairments did not significantly limit his ability to perform basic work activity during the relevant period.

\* \* \*

Plaintiff filed applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits on February 7, 2005, alleging that he had been disabled and unable to work since December 1998, at age 39, due to severe back pain. Benefits were denied, initially and upon reconsideration, by the Social Security Administration. A requested <u>de novo</u> hearing was held on February 6, 2007, before Administrative Law Judge (ALJ) James Horn. The ALJ found that the claimant was not entitled to disability benefits because he did not suffer from any severe impairments which significantly limited his ability to perform basic work-related activities[1] during the relevant

---

[1] 20 C.F.R. § 404.1521, 416.921 (2008) states:

What we mean by an impairment(s) that is not severe.

past.  The Appeals Council declined to review that decision and Plaintiff commenced the instant action for judicial review of the denial of benefits. The parties have filed Motions for Summary Judgment and the issue for review is whether Defendant's denial of benefits was supported by substantial evidence on the record.

Plaintiff was 48 years old at the time of the administrative hearing. He is a high school graduate, and had been employed as a forklift operator, truck driver and laborer (TR 61, 137).  As a laborer for a cement company, the claimant did a lot of walking and standing, and he often helped carry heavy bags of cement to customer's cars (TR 62). Plaintiff stopped working in December 1998, due to severe back pain (TR 137). He was incarcerated from August 1999 until July 2002 for violating parole after being convicted of domestic violence against his girlfriend (TR 55, 138). Claimant applied for work after his release from prison, but he has not had any success (TR 146-147).

Claimant alleged that he was disabled as a result of back pain that prevented him from walking or standing for prolonged periods (TR 139).  Plaintiff stated that complete bed rest was the only way to alleviate his severe back pain (TR 140).  Claimant estimated that

---

(a) Non-severe impairment(s). An impairment or combination of impairments is  not severe if it does not significantly limit your physical or mental ability to do basic work activities.
(b) Basic work activities. When we talk about basic work activities, we mean  the abilities and aptitudes necessary to do most jobs.  Examples of these  include--
- (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
- (2) Capacities for seeing, hearing, and speaking;
- (3) Understanding, carrying out, and remembering simple instructions;
- (4) Use of judgment;
- (5) Responding  appropriately to supervision, co-workers and usual work situations;  and
- (6) Dealing with changes in a routine work setting.

he could sit for 45 minutes, but added that walking and standing for any length of time was difficult (TR 141-142). Plaintiff maintained that he was unable to drive an automobile because bumps in the road would jar his back (TR 143). Claimant acknowledged walking his dog and riding a bike (TR 141). He also remained capable of washing dishes, taking out the garbage and performing light household chores (TR 143). Plaintiff spent his days at home watching television, but he needed hot and cold packs and frequent showers to help relax his back muscles (TR 145). There was no Vocational Expert testimony.

LAW JUDGE'S DETERMINATION

The Law Judge found that the objective medical evidence failed to establish the existence of a medically determinable impairment prior to September 30, 2001, when Plaintiff's insured status expired for purposes of DIB benefits. Plaintiff does not take exception to this finding.

The ALJ also determined that Plaintiff had been impaired during the relevant period for purposes of SSI benefits[2] as a result of cervical and lumbar strains and sprains. The Law Judge found that these impairments were not severe enough after February 2005, the SSI application date, to significantly limit Plaintiff's ability to perform basic work-related activities. As a result, the ALJ terminated the sequential evaluation process at step two and declared that claimant was not disabled because he did not suffer from any severe impairments during the relevant period.

---

[2]Proper inquiry in an application for SSI benefits is whether claimant was disabled on or after the application date. Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993). Thus, Plaintiff had the burden of proving that he was disabled between February 7, 2005, the SSI application date, and March 20, 2007, the date of the ALJ decision, in order to be entitled to SSI benefits.

3

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has jurisdiction to review the Commissioner's decisions. Judicial review of those decisions is limited to determining whether her findings are supported by substantial evidence and whether she employed the proper legal standards. Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence is more than a scintilla but less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). This court does not try the case de novo, resolve conflicts in the evidence, or decide questions of credibility. See Brainard v. Secretary, 889 F.2d 679, 681 (6th Cir. 1989); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. Kirk, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if even substantial evidence also supports the opposite conclusion, Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (en banc), Casey v. Secretary, 987 F.2d 1230 (6th Cir. 1993), and even if the reviewing court would decide the matter differently, Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir. 1983).

DISCUSSION AND ANALYSIS

The Commissioner employs a five step sequential evaluation process to determine disability. If the Commissioner finds claimant to be disabled or not disabled at any point in the review, no further determination is required. 20 C.F.R. § 404.1520(a) (2008). Under this analysis, the Commissioner must determine whether a claimant (1) is engaged in

substantial gainful activity, (2) has a severe impairment or combination of impairments, (3) meets or equals an impairment listed in the appropriate appendix, (4) is prevented by his impairment or combination of impairments from engaging in his relevant past employment, or (5) has the ability to engage in other gainful activity considering his age, education, past relevant experience, and residual functional capacity.

In the instant case, the Law Judge terminated the sequential evaluation process at step two when he found that Plaintiff did not suffer from a severe impairment, one that significantly limited his ability to perform basic work activities. 20 C.F.R. §404.1520, 416.921 (2008). The step two severity regulation has been construed as a de minimis hurdle in the disability determination process. Salmi v. Secretary, 774 F.2d 685, 690-92 (6th Cir. 1985). Under that view, an impairment can be considered not severe only if it is a slight abnormality that minimally affects work ability regardless of age, education, and experience. Farris v. Secretary, 773 F.2d 85, 90 (6th Cir. 1985). Thus, generally, a disability claim should not be dismissed without consideration of the claimant's individual vocational situation. Higgs v. Bowen, 880 F.2d 860, 862-863 (6th Cir. 1988). Nevertheless, Congress has approved the threshold dismissal of claims obviously lacking medical merit, because in such cases the medical evidence demonstrates no reason to consider age, education, and experience. Bowen v. Yuckert, 482 U.S. 137, 148 (1987). As the Sixth Circuit has recognized, the severity requirement may still be employed as an administrative convenience to screen out claims that are "totally groundless" solely from a medical standpoint. Farris, 773 F.2d at 90 n. 1.

I am persuaded that substantial evidence existed on the record supporting the Commissioner's determination that Plaintiff's back condition was not severe, given the lack

of objective clinical findings in the record during the relevant period. Even though Plaintiff testified that back pain was the primary reason he was unable to work (TR 139-141), a review of the medical record after February 2005, reveals an absence of objective clinical evidence supporting claims of disabling functional limitations[3].

In June 2005, Plaintiff was evaluated by Dr. William Padamadan for complaints of periodic shoulder pain. Claimant told the doctor that he had no history of treatment, evaluation, injury or surgery for any impairment (TR 94). Dr. Padamadan noted that Plaintiff had ridden his bike to the doctor's office after taking a bus within two miles of his destination (TR 93, 95). The consulting physician indicated that the claimant was able to walk normally and exhibited no signs of distress (TR 95). There were no signs of muscle atrophy, and ranges of motion of the shoulders, elbows, wrists and fingers were normal (TR 91-92, 96). Claimant's strength was not diminished, and he had a normal ability to grip, manipulate, pinch and perform fine coordination (TR 90). An X-ray of the lumbar spine showed mild degenerative changes (TR 89). In the absence of objective findings of any functional impairment, Dr. Padamadan did not restrict claimant's physical activities (TR 96).

A consultative examination by Dr. A.K. Bhaiji in August 2005, revealed no major abnormalities of claimant's head, neck, lungs, heart or abdomen (TR 98). Dorso-lumbar spine motion was completely normal, and cervical spine movement was only slightly

---

[3]The conclusory opinion of Dr. Jeffrey Wirebaugh in January 2003, that Plaintiff was entitled to a 15 percent permanent partial impairment (TR 118), was properly rejected because it predated the application for SSI benefits by two years. The report also included clinical findings made by Dr. Wirebaugh that were contradicted by more recent medical evidence found in the record. For instance, the claimant's range of motion, gait, muscle tone and sensory examinations were all later found to be within normal limits (TR 98-100).

restricted (TR 101-102). There were no neurological deficits, and claimant did not have any difficulty getting on and off the examination table. Straight leg raising was negative bilaterally, and his gait was normal (TR 98). In addition to these rather benign clinical findings, the ALJ relied on the fact that claimant's doctors prescribed conservative treatment for the back pain. Plaintiff was also able to perform a wide variety of daily activities, such as biking and painting, despite his allegedly disabling symptoms (TR 93, 95).

While Dr. Nester Zambrano, another consultative examiner, believed that the claimant's back condition rendered him unemployable (TR 106), the doctor based his opinion, in part, on a November 2005 MRI that was submitted to the Appeals Council only (TR 125). In cases where, as here, the Appeals Council declines to review the ALJ's decision, judicial review is limited to the evidence that was part of the record before the Law Judge. Cotton v. Sullivan, 2 F.3rd 692 (6th Cir. 1993); Casey v. Secretary, 987 F.2d 1230, 1233 (6th Cir. 1993); Wyatt v. Secretary, 974 F.2d 680, 685 (6th Cir. 1993). Consequently, the evidence Plaintiff submitted to the Appeals Council was not considered by the undersigned.

Since the MRI evidence was not before the ALJ, it may not be used to determine whether his decision was supported by substantial evidence. Moreover, Dr. Zambrano's opinion did not relate back to 1998, as argued by claimant, since the physical examination by Dr. Padamadan in 2005 showed no physical abnormalities whatsoever (TR 90-96). In light of that evidence, the Commissioner could reasonably conclude that Plaintiff's subjective complaints of persistent, severe, totally disabling symptoms stemming from joint pain were not fully credible.

Contrary to Plaintiff's assertion, the MRI evidence submitted to the Appeals Council was not new nor material, so as to justify a remand for further administrative action[4]. The MRI was not new because it was in existence for two years prior to the ALJ's decision. Finkelstein v. Sullivan, 496 U.S. 617, 626 (1990)(new evidence is evidence that was not in existence or available to the claimant at the time of the administrative proceeding). The MRI, showing degenerative arthritis of the cervical spine, was cumulative to other clinical and objective findings already considered by the Law Judge. As a result, there was nothing in the MRI to suggest that the ALJ would have come to a different disability conclusion if he had been presented with the evidence in the first place. Since the MRI was not new or material, remand under sentence six of the Social Security Act is inappropriate.

In sum, the Commissioner's decision to deny benefits was within the range of discretion allowed by law and there is simply insufficient evidence for the undersigned to find otherwise. Accordingly, Plaintiff's Motion for Summary Judgment should be denied, that of Defendant granted and the instant Complaint dismissed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with

---

[4]In order to satisfy the materiality requirement for a sentence six remand, Plaintiff must show that there was a reasonable probability that the ALJ would have reached a different conclusion on the issue of disability if she had been presented with the evidence prior to his decision. Sizemore v. Secretary, 865 F.2d 709, 711 (6th Cir. 1988).

8

specificity, will not preserve all the objections a party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to Rule 72.1 (d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/Donald A. Scheer  
DONALD A. SCHEER  
UNITED STATES MAGISTRATE JUDGE

DATED: December 17, 2008

_____

### CERTIFICATE OF SERVICE

I hereby certify on December 17, 2008 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 17, 2008: **None.**

s/Michael E. Lang  
Deputy Clerk to  
Magistrate Judge Donald A. Scheer  
(313) 234-5217