UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HEZEKIAH W. MILLER,

        Plaintiff,                          Case Number 08-12027
                                                        Honorable David M. Lawson
v.                                                    Magistrate Judge Donald A. Scheer

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT, AND AFFIRMING THE COMMISSIONER</u>**

       The plaintiff filed the present action on May 8, 2008 seeking review of the Commissioner's decision denying the plaintiff's claim for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) benefits under XVI of the Social Security Act. The case was referred to United States Magistrate Judge Donald A. Scheer pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion for summary judgment to reverse the decision of the Commissioner and the defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Scheer filed a report on December 17, 2008 recommending that the plaintiff's motion for summary judgment be denied, the defendant's motion for summary judgment be granted, and the decision of the Commissioner affirmed. The plaintiff filed timely objections to the recommendation. This matter is now before the Court.

       The Court has reviewed the file, the report and recommendation, and the plaintiff's objections and has made a *de novo* review of the administrative record in light of the parties'

submissions.  In his motion for summary judgment, the plaintiff contended that the Administrative Law Judge (ALJ) erred in concluding that the plaintiff's medical impairments were not "severe" within the meaning of 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B) where he did not discuss the medical opinions of treating chiropractors and disregarded the opinion of a treating physician.  The plaintiff also argued that the Appeals Council erred by failing to remand the case to the ALJ for consideration of additional evidence of imaging studies that the plaintiff had not presented to the ALJ during the administrative hearing.  The magistrate judge rejected these arguments, and plaintiff's objections essentially repeat the arguments made in his motion for summary judgment.  The plaintiff challenges the magistrate judge's conclusion that substantial evidence supported the ALJ's determination that the plaintiff was not disabled.  He insists that the magistrate judge erred by finding that the ALJ properly rejected the opinion of the treating physician.  He also contends that the magistrate judge should have found that the Appeals Council erred by not remanding the matter to the ALJ.

The plaintiff, who is currently fifty-nine years old, applied for DIB and SSI on February 7, 2005.  He has a high school education, and has been employed as a laborer, a truck driver, and a forklift operator.  The plaintiff last worked in December 1998, when he claims that he became disabled as the result of back pain.

The plaintiff's DIB application was denied initially and on reconsideration.  The plaintiff made a timely request for an administrative hearing.  On February 27, 2007, he appeared at the second scheduled hearing (he failed to appear at the first one the preceding November) before ALJ James A. Horn.  ALJ Horn filed a decision on March 20, 2007 in which he found the plaintiff was not disabled.  The ALJ reached that conclusion by applying the necessary portions of the five-step

sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ concluded that the plaintiff had not engaged in substantial gainful activity since December 31, 1998, the alleged onset date.  However, his inquiry ended at step two because he found that the medical evidence failed to establish a medically determinable "severe" impairment.

The ALJ reviewed the medical evidence on the record from acceptable medical sources, observing that the plaintiff had been incarcerated from August 1999 through February 2002.  The record indicates that he returned to prison in December 2004 for a probation violation and the medical clerk recorded diagnoses of hypertension, GERDS, back problems, and hearing loss, but in June 2005 an examiner found no condition that limited his physical activities.  The ALJ considered the report of Dr. William D. Padamadan's consultative examination of June 5, 2005, in which he concluded: "Based upon this clinical evaluation, in the absence of any objective findings of any functional impairment, I do not see any indication for limitation of physical activities." Tr. 96.  The ALJ also discussed the report of Dr. A.K. Bhaiji, who saw the plaintiff in August 2005.  He diagnosed a cervical and lumbar sprain and stated:

> Based on these findings, patient would not have difficulty with work-related paysical activities such as sitting.  May have difficulty standing, walking, lifting and carrying objects.  No difficulty handling objects.  No difficulty hearing or speaking.  May have some difficulty with traveling.

Tr. 99.  Finally, the ALJ discussed the records of Dr. Nestor Zambrano, a treating physician who saw the plaintiff in December 2005 who diagnosed cervical degenerative disc disease and a herniated disc at C6-C7, found limitations in pushing, pulling, bending, reaching, handling, and repetitive foot movements, and found him to be "unemployable."  Tr. 107.  The ALJ discounted Dr. Zambrano's opinion because it was unsupported by any factual findings, objective studies, or any other evidence in the record to support his conclusions.

The record also contains reports from two chiropractors, one of whom provided treatment to the plaintiff, and a letter from Dr. Jeffrey F. Wirebaugh, who apparently evaluated the plaintiff in January 2003 for a worker's compensation claim and found a "15% permanent partial impairment of the whole person." Tr. 118. The ALJ did not discuss these items.

The Magistrate Judge correctly observed that the step-two burden of establishing a "severe" impairment has been characterized in this circuit as *"de minimis."* See *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988); *Murphy v. Sec'y of Health & Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1986). The Commissioner states that an impairment is "not severe if it does not significantly limit [a claimant's] physical or mental ability to do basic work activities, [such as] walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling . . . [u]nderstanding, carrying out, and remembering simple instructions, [and] [u]se of judgment." 20 C.F.R. § 404.1521. Thus, in *Salmi v. Secretary of Health and Human Servs.*, 774 F.2d 685 (6th Cir. 1985), the court of appeals held that an impairment qualifies as "non-severe" only if it "would not affect the claimant's ability to work," regardless of the claimant's age, education, or prior work experience. *Id.* at 691-92. The prevailing view, then, is that only slight abnormalities that minimally affect a claimant's ability to work can be considered non-severe. *Higgs*, 880 F.2d at 862; *Farris v. Sec'y of Health & Human Servs.,* 773 F.2d 85, 90 (6th Cir. 1985).

Under those circumstances, the court of appeals has found that substantial evidence supports a finding of no severe impairment. *See Higgs*, 880 F.2d at 863. The *Higgs* court acknowledged that the application of the requirement to establish "severity" is quite "lenient," but nonetheless observed that "Congress has approved the threshold dismissal of claims obviously lacking medical merit," and that "the severity requirement may still be employed as an administrative convenience to screen out

claims that are 'totally groundless' solely from a medical standpoint." *Id.* at 862-63 (internal citations omitted).

The initial burden is on the plaintiff to demonstrate that he is disabled and cannot engage in his former employment. *See Atterberry v. Sec'y of Health & Human Servs.*, 871 F.2d 567, 569 (6th Cir. 1989) ("The initial burden of proof . . . rests with the claimant to show that he cannot perform his past relevant work."). The plaintiff acknowledges this. He also agrees that chiropractors are not "acceptable medical sources" upon which the Commissioner may base a disability opinion. The plaintiff cites *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532 (6th Cir. 2007), however, for the proposition that the ALJ committed error by not discussing the reports of the chiropractors, as directed by Social Security Ruling (SSR) 06-3p. That was not a winning argument in *Cruse* because the court found that the ruling was not in effect at the time of the administrative hearing in that case. The court did note, however:

> We have previously held that an ALJ has discretion to determine the proper weight to accord opinions from "other sources" such as nurse practitioners. *See, e.g., Walters*, 127 F.3d at 530. However, at oral argument, Cruse suggested that a recent Social Security Ruling controls our analysis. SSR 06-03P was issued effective August 9, 2006, and clarifies how the Commissioner is to consider opinions and other evidence from sources who are not "acceptable medical sources." SSR 06-03P, 2006 WL 2329939 (S.S.A.). While the ruling notes that information from "other sources" cannot establish the existence of a medically determinable impairment, the information "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function." *Id.* at *3.

*Cruse*, 502 F.3d at 541.

The Court agrees that the ALJ should have discussed the chiropractors' reports. However, it is unlikely that even if he did it would have made any difference. The court of appeals stated that such sources "cannot establish the existence of a medically determinable impairment." *Ibid.* And

the records themselves document a few sessions of chiropractic treatment and little more of substance as to the plaintiff's physical limitations.

Likewise, Dr. Wirebaugh's report should have been discussed, but his findings ("there is no observable abnormality of the cervical or lumbar spine," Tr.118) add little to the entire longitudinal picture of the plaintiff's course over the period of his alleged injury in April 1997. If there is error in the ALJ's omission of a discussion of this evidence, the error is harmless.

The plaintiff also argues that the ALJ improperly rejected the opinion of Dr. Zambrano as a treating source. The Rule promulgated by the Secretary states that: "more weight [will be given] to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or reports of individual examinations, such as consultative examinations or brief hospitalizations." 20 C.F.R. § 404.1527(d)(2). The Sixth Circuit has consistently applied this rule. A treating physician's opinion should be given greater weight than those opinions of consultative physicians who are hired for the purpose of litigation and who examine the claimant only once. *See Jones v. Sec.'y of Health & Human Servs.*, 945 F.2d 1365, 1370 & n.7 (6th Cir. 1991); *Farris*, 773 F.2d at 90. If a treating physician's opinion is not contradicted, complete deference must be given to it. *Walker v. Sec'y of Health & Human Servs.*, 980 F.2d 1066, 1070 (6th Cir. 1992); *King v. Heckler,* 742 F.2d 968, 973 (6th Cir. 1984). However, a treating physician's opinion may be rejected if there is good reason to do so. *Hall v. Bowen*, 837 F.2d 272, 276 (6th Cir. 1988). The Sixth Circuit has held that treating physicians' opinions "are only given such deference when supported by objective clinical evidence." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 378, 390 (6th

Cir. 2004) (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003)).  Where a treating physician renders an opinion using legal language as opposed to medical terminology, the Court may likewise reject it if it is not supported by clinical evidence in the record.  *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1234-35 (6th Cir. 1993).

The magistrate judge erroneously identified Dr. Zambrano as a consultative physician.  It is clear that he is a treating source.  However, there is no error in the ALJ's rejection of his conclusions.  Dr. Zambrano's records are quite sketchy and there is no indication how he arrived at his conclusions.  Left with such meager offerings, the ALJ acted quite reasonably in declining to give preferential weight to that source.

The plaintiff points to the evidence presented to the Appeals Council in support of his argument that a remand is appropriate.  A "sentence six" remand is generally used when new evidence that was not properly considered by the ALJ comes to light, and "there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  42 U.S.C. § 405(g); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 243 (6th Cir. 2002).  The magistrate judge suggested that no remand is appropriate because the evidence presented to the Appeals Council was not new or material, and the plaintiff did not demonstrate good cause for failing to submit the information at the administrative hearing before the record closed.  The Court agrees with the magistrate judge's analysis and conclusion as to this issue and adopts it as its own.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt # 12] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's motion for summary judgment [dkt. #10] is **DENIED** and the defendant's motion for summary judgment [dkt. #11] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:  April 13, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2009.

s/Lisa M. Ware  
LISA M. WARE